CLYDE KENT LEWIS, Petitioner, v. the STATE OF MONTANA and EDWARD ELLSWORTH, JR., Warden of the State Penitentiary of the State of Montana, Respondents.

No. 11706.
Decided Aug. 11, 1969.
457 P.2d 765.

David J. Patterson, Missoula, for petitioner.
Robert L. Woodahl, Atty. Gen., Helena, for respondent.

## MEMO OPINION

PER CURIAM:

This is an original proceeding to obtain a writ of review

to set aside a previous conviction and to decrease a sentence received upon a subsequent conviction under section 94-4713, R.C.M.1947.

Petitioner, Clyde Kent Lewis, is an inmate at the Montana State Prison. On June 3, 1965, in Cascade County, Great Falls, Montana, petitioner was convicted of the crime of uttering and delivering a fraudulent check together with a prior felony conviction and was sentenced to 10 years at hard labor in the state prison. The prior felony conviction was received for the crime of obtaining money and property by false pretenses in Fergus County, Lewistown, Montana, on October 27, 1959.

On July 1, 1969, petitioner filed a petition for Writ of Review in the district court of Cascade County which was denied by that court. On July 22, 1969, petitioner, by counsel, appeared before this Court ex parte seeking an appropriate writ. On that day this Court issued a show cause order to the attorney general and the warden of the state prison to appear on August 6, 1969, to show cause why relief requested by the petitioner should not be granted. On August 6, 1969, petitioner, by counsel, and the attorney general appeared and oral argument was heard by this Court.

Petitioner's primary contention is that his constitutional rights to due process were violated in the earlier felony conviction in Fergus County and therefore he should not have been charged with a prior felony conviction, activating the Montana recidivist statute. Under section 94-2702, R.C.M.1947, the maximum sentence is 5 years in prison for the crime of uttering a fraudulent check. However, under section 94-4713, R.C.M.1947, the maximum sentence is 10 years where there has been a prior felony conviction.

Petitioner's complaint is based upon his arraignment in Fergus County in 1959 on the prior felony. He asserts, and the minute records of the district court agree, he was not told that if he could not afford counsel then the State would pro-

vide him with one. The minute entry merely states: "The court informed the defendant of his statutory rights as to counsel, and the defendant waives an attorney."

The question then becomes whether the court record must affirmatively show that a defendant in an arraignment proceedings must be informed not only that he has the right to counsel, but also that the court will furnish one if he cannot afford counsel.

This Court has followed as controlling precedent the rulings of the United States Supreme Court concerning the procedural rights guaranteed to an accused in a criminal prosecution. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

We discussed the same question posed here in State ex rel. Biebinger v. Ellsworth, 147 Mont. 512, 518, 415 P.2d 728, 731. In that case we held:

"It is the duty of the district court to inform the defendant not only that he has a right to counsel, but that if he is without means to employ counsel that counsel would be provided for him by the State without cost to him."

Also, in the Biebinger case we quoted with approval from the Cochran case, supra, which in effect said the record must affirmatively show that the accused, at an arraignment, was informed not only of his right to counsel but also that the court would appoint one for him if he could not afford one.

From the foregoing it is evident the Fergus County district court record does not affirmatively show that petitioner was informed of his rights and that he knowingly waived them. Therefore the conviction from Fergus County is set aside as null and void.

This then raises a second question. If a prior felony conviction is null and void, does a subsequent conviction and enhanced sentence under the Montana recidivist statute become null and void?

The subsequent conviction here involved was received by the petitioner in Great Falls, Montana; petitioner does not now contend that procedural safeguards were not followed in that proceeding but rather he contends that the prior felony should not have been applied which enhanced his sentence.

Petitioner relies on several United States Supreme Court decisions in his argument. However, for the sake of brevity this Court need only cite one decision—Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, in which that court said:

"In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. *Presuming waiver of counsel from a silent record is impermissible.* Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt *or enhance punishment for another offense* (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526) is to erode the principle of that case." (Emphasis supplied).

This Court can only conclude from the record that the Fergus County conviction was obtained in violation of the Gideon v. Wainwright case; therefore the enhanced sentence of 5 years received in Cascade County under section 94-4713, R.C.M.1947, is null and void and must be set aside. However, the conviction for uttering and delivering a fraudulent check under section 94-2702, R.C.M.1947, and sentence of 5 years will stand affirmed.