STATE OF MONTANA, Plaintiff and Appellant, v. DENNIS SCHMELZER WHITE, Defendant and Respondent.

No. 12063.
Submitted Aug. 30, 1971.
Decided Nov. 10, 1971.
490 P.2d 720.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, Asst. Atty. Gen. (argued), Helena, J. Fred Bourdeau, County Atty. (argued), Great Falls, for plaintiff and appellant.

Alexander, Kuenning, Hall & Miller, John C. Hall (argued), Great Falls, for defendant and respondent.

PER CURIAM:

This is an appeal by the State of Montana from an order of the district court of Cascade County granting a new trial to a convicted murderer on the basis that his confession was involuntary.

In 1963 in the district court of Cascade County defendant Dennis Schmelzer White was tried by jury, convicted of first degree murder, and sentenced to life imprisonment. Following denial of his motion for a new trial, defendant appealed to this Court and we affirmed his conviction in 1965. State v. White, 146 Mont. 226, 405 P.2d 761. Defendant then petitioned the Supreme Court of the United States for review of his conviction and that court denied certiorari in 1966, White v. Montana 384 U.S. 1023, 86 S.Ct. 1955, 16 L.Ed.2d 1026.

In 1970 defendant petitioned the United States District Court in Butte, Montana for a writ of habeas corpus, challenging his conviction on federal constitutional grounds. Basically defendant contended his confession was not voluntary and its admission in evidence at his trial violated his federal constitutional rights. On June 10, 1970 the United States District Court

ordered the State of Montana "to afford petitioner an evidentiary hearing on the voluntariness of his confession."

The basis of this order is contained in the following excerpts from the opinion of the United States District Court:

"Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) establishes a rule that a defendant in a criminal case has a Fourteenth amendment right to have the voluntariness of his confession determined by the court, and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967) establishes the proposition that: 'Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity.'

"The precise problem here is whether the record shows with unmistakable clarity that the trial judge weighed the facts and found the confession voluntary. * * *

"* * * The law of Montana is that it is the court's duty to pass upon the admissibility of the confession, leaving only the credibility of it for the jury."

Then the United States District Court, after citing instances from the trial transcript casting doubt as to just what basis the trial judge used in submitting the confession to the jury, concluded:

"It may be that the judge did weigh the conflicting statements of fact and the conflicting inferences that might be drawn from them, but it may also be that the Court decided that there was enough evidence that the confession was voluntary to warrant reasonable men in so finding, and that he submitted the question of voluntariness to the jury on that basis. If the trial court did this then he *did* exactly what the Supreme Court in the *Sims* case said that the trial court in the Georgia case had done. Under these circumstances the unmistakable clarity which is required by Sims v. Georgia does not appear."

Pursuant to the mandate of the United States District Court an evidentiary hearing was held on September 24, 1970 in the district court of Cascade County. Only two witnesses testified

on behalf of the defendant: the defendant himself, and Captain Jack H. Anderson of the Great Falls police department who was examined as an adverse witness.

The State called no witnesses at all, offering only the trial transcript in evidence.

On January 19, 1971 the district court of Cascade County made its findings of fact, conclusions of law, and order. The findings of fact and conclusions of law are set out verbatim herein:

## "FINDINGS OF FACT

"1. That the defendant, Dennis Schmelzer White was sixteen years of age at the time of the confession herein.

"2. That he was undergoing in-custody interrogation at the time of the confession.

"3. That after some questioning, but prior to any admission, he was advised that he could have a lawyer, and that he did not have to say anything.

"From the foregoing facts, the court makes the following

## "CONCLUSIONS OF LAW

"1. That the confession of Dennis Schmelzer White was not voluntary.

"2. That the said Dennis Schmelzer White is entitled to a new trial, in which neither the said confession nor statements made in conjunction wherewith be admitted in evidence."

On this basis the state district court entered its order granting defendant a new trial. The State now appeals from this order.

In its brief and oral argument upon appeal, the State intentionally chose not to argue the facts, the legal questions, or the alleged errors in the district court's findings of fact, conclusions of law, and order. Instead the State attempted to limit the issues on appeal to two questions:

1. The propriety of the United States District Court's order remanding the case to the state district court for an evidentiary hearing on the voluntariness of defendant's confession.

2. Whether the state district court has authority to reverse the Montana Supreme Court.

242

We reject this attempted limitation. The two issues set forth by the State do not reach the heart of the matters in controversy at all, but are collateral to the real issues involved in this appeal.

In the first place this Court is not the proper forum to test the propriety of the United States District Court's order of remand. If the State wishes to contest the correctness of an order of a federal district court, its remedy is by appeal to the United States Court of Appeals of the appropriate circuit. We decline to be drawn into a direct confrontation with the federal district court on this case by reason of the State's failure to so appeal.

The second issue raised by the State is equally incidental to the real controversy. At the time of defendant's trial, there was no federal constitutional requirement that the judge determine the voluntariness of a confession as opposed to jury determination thereof. Stein v. New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1952). In 1964 the United States Supreme Court overruled *Stein,* enunciating a federal constitutional requirement that a defendant in a state court criminal case is entitled to a state court hearing on the voluntariness of his confession and a determination thereof by someone other than the jury trying his guilt or innocence. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Three years later, the United States Supreme Court ruled that the trial record must reflect this judicial determination with unmistakable clarity. Sims v. Georgia, (1967) 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593.

While the retroactive application of *Sims* to this case may be arguable, it can hardly be contended that we decided defendant's appeal in 1965 on the basis of an entirely new rule of federal constitutional law not announced by the United States Supreme Court until two years later.

What is really involved here is a re-examination of the confession in the light of a subsequently announced constitutional principle rather than a reversal of anything we previously decided. Such a situation is present in any case involving retro-

active application of a new constitutional principle to a previously decided case.

But none of this reaches the real issues in this case. In our view the controlling issues are twofold:

1. Was a full evidentiary hearing held as ordered by the United States District Court?

2. Do the findings of fact and conclusions of law by the state district court support its order granting a new trial?

In our view no full evidentiary hearing was ever held to determine the voluntariness of the defendant's confession. The record indicates that two persons were present at all times prior to the defendant's confession: the then county attorney, Gene B. Daly, and Captain Jack H. Anderson of the Great Falls police department; and that two other persons were present part of the time: the deputy county attorney, Ralph T. Randono, and the court reporter who took the confession, Jack Fletcher. Only one of these four persons was ever called as a witness at the hearing, Captain Jack H. Anderson, and he by the defendant as an adverse witness. The county attorney who obtained defendant's confession and who presumably had full knowledge of the facts and circumstances was never called as a witness although the record reflects he was present and available at the hearing. The deputy county attorney, Ralph Randono, likewise was not called although he is a practicing attorney in Great Falls and presumably available for testimony. Neither was court reporter, Jack Fletcher, who took the confession of the defendant and transcribed it, although he is still one of the official court reporters for the Cascade County district court in Great Falls and presumably available. Nor was the district judge who presided at the trial called as a witness although he is presently practicing law in Great Falls and available for testimony. He presumably was cognizant of the circumstances surrounding the confession and could shed some light on its admissibility. Perhaps none of these witnesses could add anything to the facts appearing in the transcript of the trial; on the other hand, perhaps they could add significantly to an understanding

of the facts and circumstances surrounding the confession. We shall never know on the present state of the record and until a full evidentiary hearing is held.

Instead of offering witnesses' testimony, the State offered only the transcript of the record at the trial in evidence; and this was the same transcript that had previously been held insufficient to establish the voluntariness of the defendant's confession by the United States District Court in its order of remand!

There may well be other witnesses who should be called to afford the full evidentiary hearing contemplated by the United States District Court in its order. We are unable to say on the record before us, but from what has already been said it is clear that all the evidence that is available was not before the district court when it made its decision to grant defendant a new trial.

When a state district court is mandated by a federal district court to hold a full evidentiary hearing, it is the duty of the presiding state district court judge to see that a full evidentiary hearing is had and not leave the matter up to the attorneys for the respective parties whose interests may be entirely at odds with the interests of the public.

We further hold that the findings of fact by the district judge do not support his conclusion of law that defendant's confession was not voluntary or his order granting defendant a new trial. The findings of fact simply establish that at the time of his confession, the defendant was 16 years old; was undergoing in-custody interrogation; and that after some questioning, but prior to any admission, he was advised that he could have a lawyer and that he didn't have to say anything. These facts, standing alone, do not establish that defendant's confession was not voluntary.

It must be noted that defendant's trial was held some three years prior to the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The *Miranda* requirements have expressly been held not to apply to trials begun before June 13, 1966. Davis v.

North Carolina (1966), 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895.

It is clear from the district court's order that it was retroactively impressing the "Miranda warning" requirements upon the defendant's confession in this case. The recitals preceding its findings of fact and conclusions of law clearly reflect this:

"Nothing in the record indicated that any effort was made to see that the defendant in fact understood his right to be represented by counsel, or his right against self-incrimination. There is no suggestion that the defendant was informed of his right to have counsel appointed if he had no means to employ counsel, as required at an arraignment. See Lewis v. State, 457 P.2d 765, 153 Mont. 460.

"The following quote from the case of Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974 appears cogent at this point:

" '* * * Without the protection flowing from adequate warnings and the rights of counsel, "all the careful safeguards erected around the giving of testimony, whether by an accused or any other witness, would become empty formalities in a procedure where the most compelling possible evidence of guilt, a confession, would have already been obtained at the unsupervised pleasure of the police." Mapp v. Ohio, 367 U.S. 643, 685 [81 S.Ct. 1684] 6 L.Ed.2d 1081, 1107, 84 A.L.R.2d 933 (1961) (Harlan, J., dissenting).' 10 A.L.R.3d 1006."

Because a full evidentiary hearing on the voluntariness of the defendant's confession was not had; because the district court's findings of fact do not support its conclusions of law and order; and because Miranda v. Arizona has been applied retroactively to determine the voluntariness of defendant's confession, the findings of fact, conclusions of law, and order of the district court of Cascade County dated January 19, 1971 are hereby set aside. This cause is remanded to the district court of Cascade County with directions to hold a full evidentiary hearing on the voluntariness of the defendant's confession as

246

ordered by the United States District Court, and thereafter to enter an appropriate order in accordance with the directions of the federal district court in its order of June 10, 1970.