No. 81-521

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES BERT DIEZIGER,

Defendant and Appellant.

---

Appeal from:  District Court of the Third Judicial District,
In and for the County of Powell
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

C. F. Mackay argued, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten argued, Assistant Attorney General,
Helena, Montana
Ted Mizner, County Attorney, Deer Lodge, Montana

---

Submitted: June 28, 1982

Decided: September 10, 1982

Filed: SEP 10 1982

_Thomas J. Kearney_ Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the
Court.

Defendant was charged by information with aggravated
assault and possession of a weapon by a prisoner.  The
information was filed, and the defendant made his initial
appearance on July 2, 1980, approximately 42 days after the
offenses allegedly occurred.  After a jury trial, defendant
was convicted of both counts and sentenced to consecutive
terms of 10 and 15 years.

On appeal, defendant contends that the trial court
erred in refusing to dismiss the charges because of unnecessary
delay between the time of the alleged offense and the filing
of the information, initial appearance and arraignment.
Defendant also contends that he was entitled to dismissal
because he was denied counsel at his initial appearance.  In
affirming defendant's conviction, we find that defendant has
failed to show any unnecessary delay, and that appointed
counsel is not required at the initial appearance.

On May 19, 1981, while incarcerated at Montana State
Prison at Deer Lodge, the defendant attacked a guard with a
"homemade baton" and a knife.  He was not served with an
arrest warrant and no charges were filed until July 2, 1981.
On that date, the defendant appeared in court and was
advised of the nature of the charges, the possible penalties,
and his right to counsel.  At the defendant's request, the
court appointed a public defender to represent him and
scheduled arraignment for July 9, 1981.  At the arraignment,
the defendant pleaded not guilty to both counts.

The defendant moved to dismiss the charges on the
grounds that he was not brought before a magistrate without
unnecessary delay and the court failed to provide counsel at

-2-

every stage of the proceedings. The motion was denied and the case was set for jury trial. Trial was held on October 27, 1981. The defendant called no witnesses, and presented no case at trial. The defendant's counsel did not present an argument before the case was submitted to the jury. The jury convicted defendant, and he appeals the trial court's judgment.

Defendant contends that his rights were violated by prison and county officials because he was not brought before a magistrate without unnecessary delay as required by section 46-7-101(2), MCA. He argues that the proper remedy for this violation is dismissal of the charges.

Section 46-7-101(2), MCA provides:

"Any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest or most accessible judge in the same county, and a complaint stating the charges against the arrested person shall be filed forthwith."

The purpose of this statutory requirement is to protect the defendant from being jailed for a protracted time and prevented from assisting in his own defense. State v. Nelson (1961), 139 Mont. 180, 362 P.2d 224. The defendant here, however, was already in the custody of the state prison. Consequently, an arrest was unnecessary, and the need to bring him before a magistrate to prevent unjust incarceration did not exist.

Therefore, defendant is unable to show any prejudice from the delay.

Finally, the proper remedy for a violation of section 46-7-101 is suppression of improperly obtained evidence. See State v. Benbo (1977), 174 Mont. 252, 570 P.2d 894. Here, the defendant made no motion to suppress and no suppression

hearing was ever held.  As a result of this, we have no evidentiary record upon which to review defendant's claims. Therefore, dismissal is an inappropriate remedy.

Next, defendant contends that he was denied his right to effective assistance of counsel.  This claim is based on the fact that he was not provided with counsel at his initial appearance.   The United States Constitution requires the appointment of counsel for indigent defendants at all critical stages of the prosecution.  Mempa v. Rhay (1967), 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.   A "critical stage" is any step of the proceeding where there is potential substantial prejudice to the defendant.   See United States v. Wade (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.  The policy basis of the right is to allow the defendant to intelligently exercise his rights and prepare a defense, and to counterbalance the trained advocate of the State.

The initial appearance is not a "critical stage" of the prosecution in Montana.  There was no potential for substantial prejudice to the defendant's rights.  The defendant was merely made aware of the charges against him and informed of his constitutional rights.  We therefore hold that the defendant's right to effective assistance of counsel was not violated.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

-4-

John Conway Harrison

Jean S Daly

John C Sheehy

Frank B Morrison

_____

_____ Justices