No. 89-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DAVID STEVEN FARNSWORTH,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Keith, Great Falls, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Elizabeth S. Baker, Asst. Atty. General, Helena
Patrick L. Paul, County Attorney; Steve Hudspeth, Deputy,
Great Falls, Montana

Submitted on Briefs: Nov. 21, 1989

Decided: December 20, 1989

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Appellant appeals his conviction in the Eighth Judicial District, Cascade County, Montana, of one count of criminal sale of dangerous drugs and two counts of criminal possession of dangerous drugs. The District Court sentenced appellant to twenty years for the criminal sale conviction and six months each on the criminal possession convictions which were to be served concurrently with the criminal sale sentence. The District Court also sentenced appellant to an additional five years as a persistent felony offender to be served consecutively with the other sentences. We affirm.

Appellant raises the following issues for review:

1. Did the District Court properly instruct the jury as to the defense of entrapment?

2. Were appellant's substantial rights violated when he did not receive a preliminary hearing because he was charged by an information?

3. Was appellant denied his right to counsel because counsel was not appointed until after the information was filed?

4. Did the District Court err in denying appellant's motion to hire an investigator?

5. Did the District Court improperly deny appellant's challenge to the statute designating marijuana as a dangerous drug?

6. Did the District Court err when it sentenced appellant as a persistent felony offender?

On October 17, 1988, Great Falls police officers testified that the Great Falls Police Department received a tip from an individual identifying himself as Ray Armstreet regarding illegal drug activity in his apartment building.

Two detectives met with Armstreet who informed them that a tenant in his apartment building had asked him to find people interested in buying marijuana. After questioning Mr. Armstreet regarding his information, the detectives decided to attempt a "buy-bust" marijuana purchase with one of the detectives posing as the buyer.

As soon as the "buy-bust" operation was in place, the undercover detective directed Mr. Armstreet to enter the apartment building and advise the target individual that he had an interested buyer waiting in a car outside. A short time later the defendant came out and sold the detective $40 worth of marijuana and gave the detective an additional four "joints." After completing the deal, the appellant left the car and walked back toward the apartment building where he was arrested by other officers. The officers searched appellant and found marijuana on his person. After obtaining a search warrant for appellant's room, the officers also found marijuana in his room.

On October 18, 1988, appellant had his initial appearance before a justice of the peace who set bail and set a date for a preliminary hearing. However, on October 26, 1988, the county attorney was granted leave to file an information charging appellant with one count of sale of dangerous drugs and two counts of possession of dangerous drugs. Counsel was appointed for appellant on October 31, 1988. Appellant was arraigned on November 7, 1988.

At trial appellant raised the defense of entrapment. He testified that Armstreet, who appellant knew as "Gary," initially sold him the marijuana and then induced him to sell the marijuana to the undercover officer. Appellant alleged that Armstreet was an agent of the police.

3

I.

Did the District Court properly instruct the jury as to the defense of entrapment?

The District Court gave the following instruction regarding entrapment:

> The elements of the defense of entrapment: (1) Criminal intent or design originating in the mind of the police officer or informer; (2) absence of criminal intent or design originating in the mind of the accused; and (3) luring or inducing the accused into committing a crime he had no intention of committing.

Appellant contends that this instruction is error because it is unnecessarily complex and misleading and not required by Montana's Entrapment Statute, § 45-2-213, MCA. Appellant also argues that a due process instruction based on outrageous government conduct should have been given. We reject both appellant's contentions.

The instruction at issue, while not a model, expresses the law adopted by this Court and approved in numerous cases. See, State v. Kamrud (1980), 188 Mont. 100, 105, 611 P.2d 188, 191; State v. Kelly (1983), 205 Mont. 417, 441, 668 P.2d 1032, 1045; State v. Canon (1984), 212 Mont. 157, 167, 687 P.2d 705, 710; and State v. Walker (1987), 225 Mont. 415, 422, 733 P.2d 352, 357. Appellant provides absolutely no rationale for his contention that the instruction is unnecessarily complex and misleading to the jury. Further, although appellant argues that a due process instruction should have been given, appellant did not submit such an instruction for consideration by the District Court. Section 46-16-401(4)(a), MCA, provides that:

> When the evidence is concluded, if either party desires special instruction to be given to the jury, such instructions shall be reduced to writing, numbered,

4

> signed by the party or his attorney, and delivered to the court.

"We have held this statutory language to be mandatory. (Citation omitted.)" Walker, 733 P.2d at 357. Because appellant failed to offer a proposed due process instruction he has waived this claim. We hold that the District Court properly instructed the jury regarding the entrapment defense.

## II.

Were appellant's substantial rights violated when he did not receive a preliminary hearing because he was charged by an information?

Appellant contends that his substantial rights were violated because he was neither given a preliminary hearing nor any opportunity to challenge the State's assertion of probable cause. These contentions lack any credibility whatsoever.

Section 46-7-103, MCA, requires that a preliminary hearing be held within a reasonable time following the initial appearance unless the district court grants leave to file an information. Before a district court can grant leave to file an information, it must have independently determined that probable cause exists to believe the defendant committed an offense. Section 46-11-201, MCA. The defendant has no vested right to a preliminary hearing but rather has a right to an independent judicial finding of probable cause. State v. Higley (1980), 190 Mont. 412, 419, 621 P.2d 1043, 1048, citing Gerstein v. Pugh (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54.

In the instant case, although the justice of the peace scheduled a preliminary hearing, the District Court upon a finding of probable cause, granted leave to file an

5

information prior to the preliminary hearing. The appellant received an independent judicial determination of probable cause within a reasonable time. See, Higley, 621 P.2d at 1048 (ten-day delay in determining probable cause not unreasonable).

The apparent reason that appellant remained in jail until his arraignment was his inability to post the bail that was set at his initial hearing. The record does not reflect that appellant ever challenged the amount of bail. Nor does the record reflect that appellant ever moved the District Court to dismiss the information for lack of probable cause. We hold that appellant was not entitled to a preliminary hearing.

### III.

Was appellant denied his right to counsel because counsel was not appointed until after the information was filed?

Appellant's contention that his right to counsel was violated because counsel was not appointed until after the information was filed is untenable. Montana law is well settled that a defendant is not entitled to the assistance of counsel at the initial appearance because "[t]he initial appearance is not a 'critical stage' of the prosecution in Montana." State v. Dieziger (1982), 200 Mont. 267, 270, 650 P.2d 800, 802. Contrary to appellant's assertion, the United States Supreme Court in Coleman v. Alabama (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, did not designate the setting of bail as a critical stage thus entitling the defendant to assistance of counsel. Coleman held that a preliminary hearing was a critical stage because a defendant could be substantially prejudiced without counsel. Coleman, 399 U.S. at 9-10. Further, appellant has not argued to this

Court how his failure to obtain counsel before he did prejudiced him. We hold that appellant's right to counsel was not violated by counsel not being appointed until after the information was filed.

## IV.

Did the District Court err in denying appellant's motion to hire an investigator?

Appellant provides this Court with no argument on this issue beyond the bare assertion that the District Court's ruling placed appellant at a "potential disadvantage." We reject appellant's contention.

## V.

Did the District Court err in denying appellant's challenge to the statute designating marijuana as a dangerous drug?

Sections 45-9-101, 50-32-101 and 50-32-222, MCA, are the statutes wherein the legislature has declared marijuana a dangerous drug and designated as a crime the sale of dangerous drugs. Essentially appellant argues that at trial the State should have had to prove that marijuana is a dangerous drug and that it is a hallucinogenic substance. We specifically rejected this contention in State v. Petko (1978), 177 Mont. 229, 581 P.2d 425, where we stated:

> Marijuana is grouped with hallucinogenic drugs, but this does not call for the trier of fact to make a specific finding as to its hallucinogenic capabilities. The legislature has made that determination.

Petko, 581 P.2d at 430. The State is only required to prove that the substance appellant sold was marijuana which it did. We reject appellant's contentions.

7

## VI.

Did the District Court err when it sentenced appellant as a persistent felony offender?

Appellant contends that the District Court improperly sentenced him to an additional five years as a persistent felony offender. Appellant argues that the persistent offender statute constitutes double jeopardy. Further appellant asserts that the District Court's decision that he was a persistent felony offender was based on evidence improperly before the District Court. We disagree.

This Court has soundly rejected the double jeopardy argument appellant raises to the persistent offender statute. See, State v. Maldenado (1978), 176 Mont. 322, 328-329, 578 P.2d 296, 300. Appellant provides this Court with no authority to the contrary. The persistent felony statute which authorizes enhanced sentences for recidivists does not constitute double jeopardy.

Similarly, appellant's evidentiary objections are without merit. The Montana Rules of Evidence do not apply to sentencing proceedings. Rule 101(c)(3), M.R.Evid. The persistent felony offender determination is part of the sentencing proceeding. State v. Smith (Mont. 1988), 755 P.2d 569, 571-72, 45 St.Rep. 955, 958; State v. LaMere (1983), 202 Mont. 313, 321, 658 P.2d 376, 380. The District Court relied on competent evidence, certified copies of court documents from Utah and expert testimony regarding appellant's fingerprints, to establish the requirements of the persistent felony offender statute.

Further, contrary to appellant's claim the State is not required to prove that the prior conviction offered for purposes of the persistent felony offender determination is constitutionally valid. See State v. Campbell (1985), 219 Mont. 194, 711 P.2d 1357, cert. denied, 475 U.S. 1127 (1986).

Of course, a constitutionally infirm conviction cannot be used to support a determination of a persistent felony offender. Lewis v. State (1969), 153 Mont. 460, 457 P.2d 765. Contrary to the facts in Lewis, upon which appellant relies, in the instant case the appellant has not challenged the constitutional validity of the prior conviction in Utah. We hold that the District Court properly sentenced appellant as a persistent felony offender.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices