No. 96-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Appellant,

v.

DAVID MATTHEW OKLAND,

Defendant and Respondent.

FILED

MAY 29 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and for the County of Lake,
                The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Hon. Joseph P. Mazurek, Attorney General;
                Cregg W. Coughlin (argued) , Assistant Attorney General;
                Helena, Montana

                Kim Christopher; Lake County Attorney; Mitchell A. Young;
                Deputy County Attorney; Polson, Montana

        For Respondent:

                Matthew H. O'Neill (argued); French, Mercer, Grainey & O'Neill;
                Polson, Montana

Submitted: April 22, 1997

Decided: May 29, 1997

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, David Matthew Okland, was charged by information, filed in the District Court for the Twentieth Judicial District in Lake County, with the offense of driving or being in actual physical control of a motor vehicle while under the influence of alcohol, in violation of § 61-8-401(1)(a), MCA. Based on his three prior convictions for DUI, the information charged him with a felony, pursuant to §§ 61-8-714(4) and -722(4), MCA. He filed a motion to dismiss the felony DUI charge, which the District Court granted. The State of Montana appeals. We affirm the judgment of the District Court.

The sole issue on appeal is whether the District Court erred when it dismissed the felony DUI charge against David Matthew Okland.

## FACTUAL BACKGROUND

On January 9, 1996, David Matthew Okland was charged by information with the offense of driving or being in actual physical control of a motor vehicle while under the influence of alcohol. The charge alleged in the information, if proven, would have constituted his fourth DUI offense. He was previously convicted of DUI in Lake County in 1985, in Flathead County in 1986, and again in Lake County in 1995. Based on those three prior convictions, the information charged him with a felony, pursuant to §§ 61-8-714(4) and -722(4), MCA.

Okland filed a motion to dismiss the felony DUI charge in which he contended that, at the time he pled guilty to the prior DUI charges, he was not, in fact, represented by an

2

attorney, he had not been adequately advised of his constitutional right to an attorney, he had not waived his right to an attorney, and he had been denied a court-appointed attorney despite his request that one be appointed. On that basis, he asserted that his prior DUI convictions were entered in derogation of his constitutional rights and cannot be used to increase the current DUI charge to a felony.

In support of his motion, he submitted an affidavit which provides, in relevant part, as follows:

> 3. With regard to the 08-20-85 conviction, the City Judge, Joy Francke, told me that I could not have an attorney appointed to represent me because I owned a motor vehicle. I had no basis to argue with her and no money to hire an attorney to do it for me.
>
> 4. With regard to the 09-02-86 conviction in Kalispell, I do not recall being advised of any rights at all.
>
> 5. Neither can I recall being advised of my constitutional rights in connection with my 07-24-95 conviction. My recollection is that the Judge asked only whether I contested the ticket or not.
>
> 6. I was actually incarcerated on each of the above three convictions and was not represented by counsel in any one of them.

Okland also submitted the record of his 1985 Lake County DUI conviction in Polson City Court. The record expressly states that Okland requested a court-appointed attorney; however, the record does not reflect that an attorney was provided or that he waived his right to an attorney.

3

In response, the State maintained that a presumption of regularity attached to Okland's prior convictions and that he failed to establish that his prior convictions were invalid. With regard to his 1985 DUI conviction, the State produced a copy of a letter sent to Okland in July 1985, which provides, in relevant part, as follows:

> On April 18, 1985, you appeared in Polson City Court . . . .
>
> At that time, you requested a Court Appointed Attorney. You were given a financial statement to fill out, have notarized, and then return to City Court. You have not done so.
>
> It is most important that you comply with this procedure, or a trial date will be set, as the Court will procede [sic] with the understanding you have retained a Lawyer.

The State contends that Okland failed to submit the required financial statement.

The District Court granted Okland's motion to dismiss the felony DUI charge. In its written order, the District Court made the following findings:

> The record herein is that [Okland] was cited April 17, 1985, for D.U.I. On April 18, 1985, [Okland] requested a court-appointed attorney. The record does not reflect that an attorney was ever provided to [Okland]. On August 20, 1985, [Okland] was found guilty and was fined and sentenced to 60 days in jail . . . . The record is void of any waiver by [Okland] of his right to an attorney.

On that basis, the District Court concluded that:

> [Okland] was neither provided an attorney for his August 20, 1985, D.U.I. conviction nor waived his right thereto and was actually sentenced to jail. His misdemeanor conviction without counsel may not be used under Sec. 61-8-714(4), MCA, to increase the D.U.I. charge to a fourth, felony offense.

4

## DISCUSSION

Did the District Court err when it dismissed the felony DUI charge against David Matthew Okland?

When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. *State v. Rushton* (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; *State v. Sage* (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

The Sixth Amendment of the United States Constitution, and Article II, Section 24, of the Montana Constitution, guarantee the fundamental right to the assistance of counsel. *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799; *State v. Craig* (1995), 274 Mont. 140, 148, 906 P.2d 683, 688 (citing *State v. Langford* (1994), 267 Mont. 95, 99, 882 P.2d 490, 492). Indigent defendants are entitled to legal representation by court-appointed counsel at public expense. *State v. Enright* (1988), 233 Mont. 225, 228, 758 P.2d 779, 781. However, the fundamental right to counsel extends only to cases in which a sentence of imprisonment is actually imposed. *Scott v. Illinois* (1979), 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383; *State v. Hansen* (1995), 273 Mont. 321, 325, 903 P.2d 194, 197.

5

The fundamental right to counsel does not extend to defendants who waive the right. *Craig*, 274 Mont. at 152, 906 P.2d at 690. Waiver, however, requires a knowing and intelligent relinquishment of a known right. *State v. Blakney* (1982), 197 Mont. 131, 138, 641 P.2d 1045, 1049.

In Montana, it is well established that the State may not use a constitutionally infirm conviction to support an enhanced punishment. *Lewis v. State* (1969), 153 Mont. 460, 463, 457 P.2d 765, 766. In *Lewis*, the defendant was convicted of an offense punishable by five-years imprisonment. That penalty, however, was to be increased to ten years if the defendant had a prior felony conviction. Lewis alleged that his constitutional rights had been violated during his prior conviction. We concluded that the records from his prior conviction revealed that "he was not told that if he could not afford counsel then the State would provide him with one." *Lewis*, 153 Mont. at 461-62, 457 P.2d at 766.

We expressly adopted the reasoning of the United States Supreme Court in *Burgett v. Texas* (1967), 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319, and relied on the following language from that case:

> In this case the certified records of the [prior] Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. *Presuming waiver of counsel from a silent record is impermissible.* Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt *or enhance punishment for another offense* (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526 [1966]) is to erode the principle of that case.

6

*Lewis*, 153 Mont. at 463, 457 P.2d at 766. On that basis, we held that Lewis's prior conviction could not be used to enhance his sentence.

The State does not dispute the constitutional standards previously discussed. In fact, the State, in its brief, expressly recognizes that, pursuant to *Lewis*, "[i]t is beyond dispute that the State may not use a constitutionally infirm conviction to support an enhanced punishment."

Nonetheless, the State asserts two alternative arguments in support of its contention that the District Court erred when it dismissed Okland's felony DUI charge. First, the State asserts that a presumption of regularity attaches to prior convictions and, therefore, that Okland--the defendant--is required to prove the invalidity of his prior DUI convictions. While the State concedes that the presumption is a rebuttable one, it asserts that the District Court erred when it required *the State* to prove the validity of Okland's prior convictions. In essence, the State's first argument is that the District Court misapplied *Lewis* and failed to accord a presumption of regularity to Okland's prior convictions.

Second, the State maintains that, even if the District Court did, in fact, recognize the presumption of regularity and assign the respective burdens of proof accordingly, it erred when it: (a) determined that the evidence presented by Okland effectively rebutted the presumption and shifted the burden of proof to the State; and (b) determined that the State failed to produce sufficient evidence to satisfy its burden.

7

In support of its contention that a presumption of regularity attaches to prior convictions, the State cites *State v. Farnsworth* (1989), 240 Mont. 328, 783 P.2d 1365. In *Farnsworth*, the defendant asserted that, because the State failed to establish the constitutional validity of his prior conviction, the district court erred when it designated him a persistent felony offender. We rejected his claim and held that "the State is not required to prove that the prior conviction offered for purposes of the persistent felony offender determination is constitutionally valid." *Farnsworth*, 240 Mont. at 334-35, 783 P.2d at 1369. Pursuant to *Farnsworth* and its recognition of the presumption of regularity, the State maintains that Okland has the burden of proving the invalidity of his prior convictions and that until he presents evidence to the contrary, proof of the fact of his prior convictions is sufficient to enhance the pending DUI charge to a felony offense.

As the State recognizes, tension exists between: (1) *Farnsworth's* presumption of regularity; (2) *Lewis's* mandate that a constitutionally infirm conviction may not be used to enhance a sentence; and (3) *Burgett's* principle that waiver of a constitutional right may not be presumed from a silent record.

The State asserts, however, that the United States Supreme Court resolved any potential conflict when it decided *Parke v. Raley* (1992), 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391. In that case, the defendant challenged the enhancement of his sentence pursuant to the State of Kentucky's persistent felony offender statute. He claimed that because the records of his prior convictions did not contain transcripts of the plea

8

proceedings and, therefore, did not affirmatively reveal that his guilty pleas were voluntarily and knowingly entered, his prior convictions could not be used to enhance his sentence. As authority for his position, he relied on *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274.

In *Boykin*, the U.S. Supreme Court held that when the record fails to affirmatively reveal that a guilty plea was both voluntarily and knowingly entered, then the acceptance of that guilty plea constitutes reversible error. The Court reasoned: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." *Boykin*, 395 U.S. at 242 (citing *Carnley v. Cochran* (1962), 369 U.S. 506).

In *Raley*, the persistent felony offender statute at issue required the State of Kentucky to prove the existence of a defendant's prior convictions upon which it intended to rely. Once that was accomplished, a presumption of regularity attached to the prior convictions and a burden was then imposed on the defendant to produce evidence to show that, in the prior proceeding(s), his rights had been violated. Raley challenged this scheme and moved to suppress the evidence of his prior convictions. He testified that he could not remember whether the trial judge specifically informed him regarding the rights he waived by pleading guilty. The motion to suppress was denied and his punishment was increased by an additional five-year term.

The U.S. Supreme Court concluded that a presumption of regularity attaches to prior convictions during a collateral attack. The Court concluded that, once a state proves the fact of a prior conviction, due process is not offended when the state then imposes the burden of proving the invalidity of the prior conviction *on the defendant*. The Court gave the following rationale:

> We see no tension between the Kentucky scheme and *Boykin*. *Boykin* involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import *Boykin*'s presumption of invalidity into this very different context would . . . improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938).

*Raley*, 506 U.S. at 29 (emphasis added).

The Court also addressed its prior holding in *Carnley v. Cochran* (1962), 369 U.S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70, also cited in *Boykin* and *Burgett*, which states that a waiver of constitutional rights may not be presumed from a silent record. The Court concluded that *Carnley* and its progeny do not preclude the presumption of regularity from attaching to final judgments during a collateral attack. The Court opined:

> There is no good reason to suspend the presumption of regularity here. This is not a case in which an extant transcript is suspiciously "silent" on the question whether the defendant waived constitutional rights. Evidently, no transcripts or other records of the earlier plea colloquies exist at all. . . . The circumstance of a missing or nonexistent record is, we suspect, not atypical, particularly when the prior conviction is several years old. But *Boykin* colloquies have been required for nearly a quarter-century. On collateral

review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, *Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.

. . . .

. . . Our precedents make clear, however, that even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant. See, *e.g. Johnson, supra,* at 468-469.

*Raley,* 506 U.S. at 30-31.

Without necessarily agreeing that *Raley* is totally consistent with the Supreme Court's prior decisions, we conclude that *Raley* is persuasive and that, in Montana, a presumption of regularity attaches to prior convictions during a collateral attack. Therefore, even in the absence of a transcript or record, a prior conviction is presumptively valid and a defendant who challenges the validity of his prior conviction during a collateral attack has the burden of producing direct evidence of its invalidity.

We further conclude that the presumption of regularity is a *rebuttable* presumption. Accordingly, while this presumption does operate, at least initially, to establish the validity of a prior conviction, it can be rebutted by a defendant who produces direct evidence that his constitutional rights were violated in a prior proceeding. Once a defendant has made such a showing, the burden then shifts to the State to produce direct evidence and prove by a

11

preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights.

As the U.S. Supreme Court recognized in *Raley*, this particular allocation of the parties' respective burdens of proof has been adopted by a number of other states:

> In recent years state courts have permitted various challenges to prior convictions and have allocated proof burdens differently. . . . Several, like Kentucky, take a middle position that requires the defendant to produce evidence of invalidity once the fact of conviction is proved but that shifts the burden back to the prosecution once the defendant satisfies his burden of production. See, *e.g., Watkins v. People*, 655 P.2d 834, 837 (Colo. 1982) (guilty plea); *State v. O'Neil*, 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct. App. 1978) (uncounseled conviction); *State v. Triptow*, 770 P.2d 146, 149 (Utah 1989) (same). This range of contemporary state practice certainly does not suggest that allocating some burden to the defendant is fundamentally unfair.

*Raley*, 506 U.S. at 32-33. Additionally, the Court recognized that "state courts that impose the ultimate burden on the government appear to demand proof ranging from preponderance, see *Triptow, supra,* at 149; *Watkins, supra,* at 837, to beyond a reasonable doubt, see [*State v.*] *Hennings* [100 Wash. 2d 379, 382, 670 P.2d 256, 257]." *Raley*, 506 U.S. at 35.

Pursuant to that procedural framework, we must first determine whether Okland presented direct evidence in support of his claim that his constitutional rights were violated in a prior proceeding. Okland submitted an affidavit in which he states, in relevant part, as follows:

> 3.      With regard to the 08-20-85 conviction, the City Judge, Joy Francke, told me that I could not have an attorney appointed to represent me because I owned a motor vehicle. I had no basis to argue with her and no money to hire an attorney to do it for me.

12

. . . .

6. I was actually incarcerated . . . and was not represented by counsel . . . .

Okland's affidavit was accompanied by the record from his 1985 Lake County DUI conviction in Polson City Court. The record expressly states that Okland requested a court-appointed attorney; however, the record does not reflect that an attorney was provided or that he waived his right to an attorney.

The evidence presented by Okland establishes that: (a) he could not afford to hire an attorney; (b) despite his request, he was not provided a court-appointed attorney; (c) he was convicted without the assistance of counsel; and (d) he was actually imprisoned for his uncounseled conviction. We, therefore, conclude that Okland's direct evidence of a constitutional infirmity in the 1985 proceeding is sufficient to rebut the presumption of regularity and to shift the burden of proof to the State.

Next, we must determine whether the State presented direct evidence which affirmatively proves that Okland's 1985 conviction was not entered in violation of his constitutional rights. The State submitted a copy of a letter sent to Okland in July 1985, which provides, in relevant part, as follows:

On April 18, 1985, you appeared in Polson City Court . . . .

At that time, you requested a Court Appointed Attorney. You were given a financial statement to fill out, have notarized, and then return to City Court. You have not done so.

13

> It is most important that you comply with this procedure, or a trial date will be set, as the Court will procede [sic] with the understanding you have retained a Lawyer.

The State contends that Okland failed to submit the required financial statement; however, the record is silent regarding what occurred after the letter was sent. Therefore, the letter is not inconsistent with, and does not rebut Okland's affidavit.

Although the July 1985 letter reveals that Okland was aware of his constitutional right to an attorney and recognizes that he did, in fact, request an attorney, it does not establish that he waived his right to an attorney, especially in light of Okland's assertion that "the City Judge, Joy Francke, told me that I could not have an attorney appointed to represent me because I owned a motor vehicle." An equally plausible explanation is that Okland's ownership of a vehicle was disclosed to Judge Francke in response to her letter, and that she concluded, on that basis, that he did not qualify for court-appointed counsel.

We conclude that, based on Okland's direct evidence that he was convicted without the benefit of counsel and that he did not waive his right to counsel, the burden shifted to the State to present direct evidence that Okland's prior conviction was not entered in violation of his right to counsel and that the State failed to meet that burden. Accordingly, we hold that the District Court did not err when it dismissed the felony DUI charge against David Matthew Okland. The judgment of the District Court is affirmed.

_____
Justice

14

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

15