JUSTICE LEAPHART
dissenting.
¶36 I dissent. In true oxymoronic fashion, our Court has said to Mr. Spotted Eagle, “Out of deference to your Tribe, we accord you fewer *380 protections than guaranteed to individual citizens by the Montana Constitution.”
¶37 Any citizen of the State of Montana with prior non-tribal, uncounselled convictions for DUI would not be subject to a felony prosecution on the fourth offense. See State v. Okland (1997), 283 Mont. 10, 941 P.2d 431. Here, since Mr. Spotted Eagle’s prior convictions were uncounselled tribal convictions, the majority concludes that, in order to honor tribal sovereignty, we must decline to afford Mr. Spotted Eagle, a member of the Blackfeet Tribe, the rights and protections guaranteed to all Montana citizens.
¶38 The Court reasons that since the tribal convictions were valid at their inception, we must, in the interests of comity, not indirectly undermine the sovereignty of the Blackfeet Tribe. I submit that a refusal to count the tribal convictions would no more undermine tribal sovereignty than our ruling in State v. Lynch, 1998 MT 308, 292 Mont. 144, 969 P.2d 920, undermined the sovereignty of the State of Nevada or the federal government. In Lynch’s trial for homicide, the State proposed to use wiretap evidence obtained in Nevada pursuant to an order from a Nevada district court. Lynch sought to suppress the wiretap evidence as being in violation of Montana law. The Montana district court denied the motion and allowed the wiretap evidence. Lynch was convicted and appealed to this Court. In reversing, we reasoned that it is settled law in Montana that non-consensual wiretapping is not permitted. Therefore, under the Beach rule, evidence obtained from wiretaps is, likewise, not admissible in this State’s courts notwithstanding that the evidence was obtained lawfully in a sister jurisdiction. As in Beach, by moving to suppress the Nevada wiretap evidence, Lynch sought to take advantage of an exclusionary remedy based upon Montana evidence law. Since Lynch is being tried in Montana for crimes allegedly committed in this State he, like Beach, is entitled to the fullest protection of Montana law when appearing in its courts. The application of Montana law requires that the Nevada wiretap evidence and any evidence flowing therefrom be suppressed. Lynch, ¶ 22.
¶39 Thus, despite the fact that the wiretap was judicially authorized in Nevada and therefore, valid at its inception, and regardless of the fact that the wiretap apparently complied with both Nevada and federal law, Lynch was entitled to the fullest protection of Montana’s more restrictive law when appearing in its courts. I would hold that Mr. Spotted Eagle is entitled to no less protection when he appears in Montana state courts. It is settled law in Montana that Article II, *381 Section 24, of the Montana Constitution guarantees indigent defendants the right to representation and that, without a waiver of counsel, an uncounselled conviction for DUI may not be used to increase a fourth DUI offense to felony status. Okland, 283 Mont. at 14-15, 941 P.2d at 433-34. Uncounselled convictions in violation of Article II, Section 24, of the Montana Constitution are no more admissible in Montana than non-consensual wiretaps evidence in violation of the right of privacy, Article II, Section 10, Montana Constitution.
¶40 The Court states that Spotted Eagle’s convictions “were only considered for the purpose of sentencing in the State’s case and not for establishing guilt.” I disagree. Felony DUI is a different offense than misdemeanor DUI. In order to prove a defendant guilty of felony DUI, the State must prove that he or she had at least three prior DUIs. Section 61-8-731, MCA. Contrary to the Court’s characterization, prior convictions are more than a mere sentencing factor. The level of offense is not determined retrospectively at sentencing. Prior to any sentencing, Spotted Eagle was charged with felony DUI, and he was convicted of felony DUI. A defendant can only be sentenced for an offense of which he or she has been convicted. The State, having charged felony DUI, had to present proof of prior DUI convictions in order to “establish guilt” of felony DUI.
¶41 I would reverse and grant Mr. Spotted Eagle’s motion to dismiss.