FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0350

DA 18-0350

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 104N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

BRANDON LEE FREY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 17-41
Honorable Robert L. Deschamps III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mathew M. Stevenson, Stevenson Law Office, Missoula, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

      Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  November 20, 2019

Decided:  April 28, 2020

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Brandon Lee Frey appeals his 2017 judgment of conviction in the Montana Fourth Judicial District Court, Missoula County, for fourth offense driving under the influence (DUI), a felony, in violation of § 61-8-401(1), MCA. We affirm.

¶3     On January 24, 2017, the State charged Frey with fourth offense DUI based, *inter alia*, on prior DUI convictions in 2004, 2011, and 2015. He later moved for dismissal on the asserted ground that available court records were insufficient to establish that the State duly convicted him of the 2004 DUI for purposes of §§ 61-8-734(1)(a) and 45-2-101(16), MCA, in compliance with Montana statutory requirements for admission or verification of the predicate factual basis for guilty pleas and further requiring either a personal rights waiver and entry of plea or an authorized waiver and plea through counsel. The motion further sought dismissal on the alternative ground that the 2004 conviction was constitutionally infirm in any event due to lack of a valid rights waiver and entry of guilty plea.[1] Based on the limited supporting evidence presented at hearing, the District Court

---

[1] Frey slightly revised his legal arguments by supplemental briefing filed with leave of court subsequent to the evidentiary hearing on his initial motion.

denied the motion. Frey then pled guilty under a plea agreement reserving his right to appeal the denial of the motion. After sentencing, Frey timely appealed.

¶4 A conviction on a fourth or subsequent DUI-based offense is a felony. Section 61-8-731(1), MCA. As pertinent here, a "conviction" is a judgment, conviction, or sentence on a valid guilty plea or verdict. *See* §§ 61-8-734(1)(a) and 45-2-101(16), MCA. Moreover, a felony DUI may not be based on a prior conviction that was constitutionally infirm. *State v. Maine*, 2011 MT 90, ¶ 33, 360 Mont. 182, 255 P.3d 64; *State v. Okland*, 283 Mont. 10, 15, 941 P.2d 431, 434 (1997). Whether a prior DUI conviction was statutorily valid or constitutionally infirm for purposes of a felony DUI is a question of law reviewed de novo based on the pertinent underlying facts. *Maine*, ¶ 12. We review district court findings of fact regarding the statutory or constitutional validity of a prior DUI conviction only for clear error. *Maine*, ¶ 12.

¶5 Upon collateral attack by a defendant under § 61-8-734(1)(a), MCA, the State has the initial burden of proving "the fact of [the] prior conviction" at issue. *State v. Krebs*, 2016 MT 288, ¶ 12, 385 Mont. 328, 384 P.3d 98 (quoting *Okland*, 283 Mont. at 17, 941 P.2d at 435—emphasis omitted). In that regard, a certified driving record showing prior convictions is competent evidence of a prior DUI. *See State v. Perry*, 283 Mont. 34, 36-37, 938 P.2d 1325, 1326-27 (1997) (certified driving record and underlying court records sufficient). *See also State v. Faber*, 2008 MT 368, ¶¶ 29-30, 346 Mont. 449, 197 P.3d 941 (certified driving record showing convictions and presiding judge testimony in re standard procedures sufficient).

¶6 Upon the State's threshold proof of the fact of a prior DUI, a rebuttable presumption arises that the conviction was valid in compliance with the law in every regard. *Maine*, ¶ 33. The burden then shifts to the defendant to rebut that presumption by presenting evidence affirmatively showing by a preponderance of the evidence that the prior judgment "was obtained in violation of" federal or state constitutional rights, as applicable. *Maine*, ¶ 34. Evidence merely establishing that the record in the prior proceeding is silent or ambiguous is insufficient. *Maine*, ¶ 34. Self-serving or conclusory statements or inferences of constitutional infirmity are similarly insufficient. *State v. Chaussee*, 2011 MT 203, ¶ 18, 361 Mont. 433, 259 P.3d 783; *Maine*, ¶ 34. In this context:

> Affirmative evidence is evidence which demonstrates that certain facts actually exist or . . . that certain facts *actually existed* at some point in the past—for example, that the trial court actually did not advise the accused of her right to counsel, or that an indigent defendant actually requested the appointment of counsel but counsel was actually refused. An affidavit from the defendant, a witness, or court personnel attesting this sort of affirmative evidence will figure more persuasively . . . than will, for example, references to unclear court minutes, judge's notes, or preprinted forms.

*Chaussee*, ¶ 18 (emphasis in original). If the defendant affirmatively satisfies that responsive burden, the burden then shifts back to the State to present evidence affirmatively rebutting the defense showing and proving that the conviction was not constitutionally infirm. *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶7 Here, as confirmed by the 2004 municipal court records presented by Frey, the State satisfied its initial burden of proving the fact of his 2004 conviction by presenting his certified driving record including, *inter alia*, the disputed conviction. In response, Frey was personally present at the evidentiary hearing but did not testify or offer an affidavit

4

regarding his version of the 2004 proceedings. Nor did he offer the direct testimony of any other witness with personal knowledge of what occurred. He further presented no direct evidence that he did not authorize his counsel to waive his right to jury trial or to enter a guilty plea in his absence.

¶8    The primary evidence presented at hearing was a municipal court audio recording and contemporaneous notations made by the court on the back of the standard form municipal court citation (i.e., complaint and notice to appear) issued by the arresting officer. As pertinent, those records essentially consisted of: (1) a notation that Frey initially appeared on December 2, 2003, pled not guilty, requested a jury trial, and requested a public defender; (2) a notation indicating the appointment of a public defender that same day; (3) a notation, without reference to whether Frey was personally present, that counsel appeared on December 9, 2003, and waived his right to jury trial; (4) a notation setting a bench trial for March 8, 2004; (5) an audio recording reflecting, without audible indication or reference to whether Frey was personally present, that counsel appeared on March 8, 2004, and stated that Frey was pleading guilty under a plea agreement with the State,[2] (6) a notation dated the next day stating that counsel appeared and entered a guilty plea on behalf of Frey and that the court then sentenced him to pay a $400 fine and complete the

_____

[2] The recording reflects that counsel stated, "pursuant to a plea bargain my client will enter a guilty plea to the DUI and I believe the [associated] careless [driving charge] will be dismissed."

5

ACT program, *inter alia*; and (7) a notation stating that Frey completed the ACT program and paid the fine on or before April 3, 2004.[3]

¶9 Frey presented secondary evidence from a Missoula lawyer (Christopher Daly) who testified that he was contemporaneously familiar with Frey's appointed counsel, had reason to believe that he often entered guilty pleas on behalf of absent clients, and, on one occasion, personally witnessed him doing so. Daly did not testify, however, that he had any personal knowledge as to whether Frey was personally present for any of his 2004 proceedings. Frey also presented testimony from a private individual (Richard Kushel) often engaged in Missoula to independently locate and analyze municipal court audio recordings and who was thus familiar with the court's historical audio recording practices and peculiarities. Kushel testified, *inter alia*, that the municipal court commonly audio-recorded only portions of proceedings like those at issue and that, consistent with that practice, the municipal court audio recordings of proceedings in Frey's case were not complete.[4]

¶10 As indicated in its oral rulings and January 4, 2018 written order, the District Court ultimately denied Frey's motion to dismiss due to failure to meet his burden of overcoming the presumption of regularity with evidence sufficient to affirmatively prove the asserted

---

[3] Frey acknowledges on appeal, with citation to the record, that the notations on the back of the citation constitute the proceeding "minutes and judgment" of the court.

[4] Kushel testified without objection that the municipal court recordings were stopped and started "all the time," that he wasn't sure why, when, or for how long, and that he had been told "that sometimes things didn't get recorded."

6

defects.  The court reasoned that: (1) the evidence presented by Frey at most established that the record is unclear as to whether he was personally present when counsel waived his right to jury trial and later entered his guilty plea; (2) § 46-16-120, MCA, authorized misdemeanor defendants to "appear [and proceed] by counsel only" unless otherwise ordered; (3) contrary to Frey's assertion, § 46-16-110, MCA (requirement for written waiver of rights on guilty pleas), applied only to felony defendants; (4) even when applicable, *State v. Reim*, 2014 MT 108, ¶¶ 31-34, 374 Mont. 487, 323 P.3d 880, indicates that felony defendants may waive the written waiver requirement of § 46-16-110, MCA, by subsequent appearance and participation in further proceedings; and (5) the record clearly reflects, as in *Reim*, that Frey "clearly ratified his attorney's apparent waiver of a jury and subsequent entry of a guilty plea by promptly paying the assessed fine and completing the ACT program."

¶11 Upon our review of the record, we conclude that Frey has failed to demonstrate that the District Court either erroneously interpreted or applied the law, or based any conclusion or application of law on a materially erroneous finding of fact.  To the contrary, we affirmatively hold that the District Court correctly denied Frey's motion to dismiss based on his manifest failure to satisfy his burden of presenting evidence sufficient to affirmatively show either that the State did not duly convict him of DUI in 2004 or that it obtained the conviction in violation of his federal or state constitutional rights.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude that Frey has not met his burden of persuasion.

¶13     Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE