No. 88-577

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

         Plaintiff and Respondent,

   -vs-

DUANE ROBERT LARSON,

         Defendant and Appellant.

'89 DEC 8 PM 2 51 FILED
ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Teton,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Charles M. Joslyn, Chouteau, Montana

    For Respondent:

    Hon. Marc Racicot, Attorney General, Helena, Montana
    James Yellowtail, Asst. Atty. General, Helena
    Russell R. Andrews, Teton County Attorney, Chouteau,
    Montana

Submitted on Briefs: Oct. 25, 1989

Decided: December 8, 1989

Filed:

/Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Duane Robert Larson appeals from his conviction of burglary and theft (misdemeanor) in a jury trial in the District Court for the Ninth Judicial District, Teton County. We affirm.

The issues are:

1. Did the District Court err by converting Count II from a charge of felony theft to a charge of misdemeanor theft?

2. Was sufficient proof of ownership of the property presented?

3. Was the jury properly instructed on the offense of theft?

4. Was the jury properly instructed on accomplice testimony?

In October 1985 a quonset shed on the Luinstra farm was broken into and a Craftsman tool chest, battery charger, and various tools were stolen. The crime remained unsolved until, two years later, Larson's wife and teenage stepson reported to a county deputy sheriff that Larson and the stepson had stolen a tool chest out of the Luinstra's shed. Larson was charged with the offense in February 1988.

At trial, the stepson recanted his statement to the deputy sheriff. He said he had lied because he was angry with Larson. However, Larson's wife's uncle testified that sometime in 1986, Larson had sold him a Craftsman tool chest, some tools, and a battery charger. These items were placed into evidence. The uncle testified that Larson had told him that he got the tool chest from his father, that he had found the tools in various places, and that he bought the battery charger from a pawnshop. Mike Luinstra identified the tool chest as the farm's. Sam Luinstra identified several of the tools and the battery charger as identical to those which had been stolen.

At the end of trial, the judge reduced the theft charge from felony to misdemeanor, based on the evidence concerning the value of the items stolen. The jury returned a verdict of guilty on both

2

counts. Larson was sentenced to a term of ten years, based in part upon his previous criminal record.

I

Did the District Court err by converting Count II from a charge of felony theft to a charge of misdemeanor theft?

As stated above, the court reduced this charge after receiving evidence of the value of the items taken. Larson argues that after it reduced the theft charge to a misdemeanor, the court was no longer within its jurisdiction because the statute of limitations for a misdemeanor is one year under § 45-1-205(2)(b), MCA. The crime occurred in October 1985 and the information was filed against Larson on February 17, 1988.

As a general rule, a defendant may not be convicted of a lesser included offense when the statute of limitations has run on that offense but not on the larger offense charged. See, Criminal Law Commission Comments, § 45-1-205, MCA. However, in this case, no objection was made in the lower court to reduction of the theft charge to a misdemeanor, nor was objection made to the instruction on misdemeanor theft. The question then becomes whether it is too late for Larson to bring this claim. The State points out that this Court has categorized statutes of limitation as a defense which is waived if not raised before conviction. State v. Atlas (1926), 75 Mont. 547, 244 P. 477. But, this Court has more recently held that the statute of limitations is a jurisdictional issue. Milarovich v. Milarovich (1982), 201 Mont. 332, 334, 655 P.2d 963, 964, aff'd after remand, 215 Mont. 367, 697 P.2d 927. Therefore, § 46-20-701(2), MCA, governs.

> (2) Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the

3

alleged error was not objected to as provided in 46-20-104, unless the defendant establishes that the error was prejudicial as to his guilt or punishment and that:

(a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;

(b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or

(c) material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence.

The statute requires both that the error was prejudicial to defendant's guilt or punishment and that condition (a), (b), or (c) was met. Larson has not presented any argument that his claim qualifies under (a), (b), or (c) as one not required to have been raised at trial. We conclude that this claim is precluded because it is raised for the first time on appeal.

II

Was sufficient proof of ownership of the property presented?

Larson contends that ownership was not sufficiently proven because of the sloppiness of the State's proof on whether the stolen items belonged to Mike Luinstra, Sam Luinstra (Mike's father), or the corporation, Sam Luinstra & Sons, Inc. The State argues that proof of possession was sufficient.

In Montana, proof of possession suffices to prove ownership for purposes of theft. [Citations omitted.] This is true whether an

4

> individual or a corporation is the owner of the property.

State v. Johnson (1982), 199 Mont. 211, 217, 646 P.2d 507, 511. We hold that sufficient proof of ownership of the stolen property was made in the testimony of Sam and Mike Luinstra that the stolen property was possessed by them at their farm.

### III

Was the jury properly instructed on the offense of theft? Larson objects to Instruction No. 15:

> To convict the defendant of the charge of theft, the State must prove the following elements:
>
> First: That Sam Luinstra and Mike Luinstra were the owner or owners of the Craftsman 10-drawer toolbox, with numerous tools, 6 gallons Tru-Value antifreeze, one (1) Hi-Lift Jack, and one (1) Black and Decker 1/2" drill in questions [sic]; and
>
> Second: That the defendant purposely or knowingly obtained or exerted unauthorized control over the property just described; and
>
> Third: That the defendant had the purpose of depriving Sam Luinstra and Mike Luinstra of the property;
>
> If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty of misdemeanor theft.
>
> If, on the other hand, you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

5

Larson's objection is that the instruction is a comment on the evidence in that it assumes Sam and Mike Luinstra were the owners of the property and that the State proved that specific property had been taken.

Larson's argument is without merit. The sentence after "First" in Instruction No. 15 gave the jury the task of determining whether the State had proven that Sam and Mike Luinstra were the owners of the property. The sentence after "Second" gave the jury the task of determining whether the State had proven that the specific property had been taken. The next-to-last sentence set forth the requirement that the State must prove each element of its case beyond a reasonable doubt. We hold that the court did not err in giving Instruction No. 15.

IV

Was the jury properly instructed on accomplice testimony?

Larson argues that the jury was not adequately instructed on what corroboration is and what is required for corroboration of an accomplice's testimony. The jury was given the following instruction regarding the testimony of the accomplice, Larson's stepson:

> Testimony has been presented that witness, Travis McLaughlin, may be an accomplice in this case. In this respect, you are to be guided by the following rules of law:
>
> 1) An accomplice is one who knowingly and voluntarily, with common intent with the principal offender, unites in the commission of a crime. One may become an accomplice by being present and joining the criminal act, by aiding and abetting, with criminal intent, another in its commission or in being present by advising and encouraging its commission, but knowledge and voluntary action are essential in order to impute guilt.

6

2) It is a question of fact for the jury to determine from the evidence and from the law as given you by the Court, whether or not, in this particular case, witness, Travis McLaughlin, was or was not an accomplice within the meaning of the law.

3) The testimony of an accomplice ought to be viewed with distrust.

4) A conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the Defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

This instruction is virtually identical to Instruction No. 1-012, Montana Criminal Jury Instructions. Paragraph 4 addresses the definition of corroboration. It accurately reflects the law as summarized in State v. Case (1980), 190 Mont. 450, 455-56, 621 P.2d 1066, 1070. We hold that the jury was adequately instructed on accomplice testimony.

Affirmed.

Chief Justice

7

We concur:

_John Conway Harrison_

_William E Hunt_

_R. C. McDonough_

_[signature]_
Justices