IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 97-484

1998 MT 163

STATE OF MONTANA,

Plaintiff/Respondent,

OPINION

AND

ORDER

GARY HELGE DIESEN,

Defendant/Appellant.

**¶1 Defendant Gary Helge Diesen (Diesen), has filed herein his appeal from the July 24, 1997 judgment of the Seventeenth Judicial District Court, Valley County, entered on his plea of guilty to the offense of boating under the influence of alcohol, a misdemeanor, in violation of § 23-2-523(2), MCA (1995). Diesen pleaded guilty to this offense reserving his right to appeal the District Court's denial of his pretrial motion to dismiss, based upon improper venue. While adjudging Diesen guilty of the offense charged, the court nevertheless provided in its judgment "[t]hat the sentencing of the Defendant is deferred pending the appeal to review the adverse determination of the pretrial motion [to dismiss for improper venue]." The District Court's judgment further provided "[t]hat in the event the Defendant does not appeal this Judgment within the time provided by law, the Court, upon motion of the State, will set a time and date for a sentencing hearing."**

**¶2 We hold that we are without jurisdiction to consider Diesen's appeal and that, as**

a consequence, his appeal must be dismissed.

¶3 "An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104(1), MCA. "'Conviction' means a *judgment or sentence* entered upon a guilty plea . . ."[,] § 46-1-202(6), MCA (emphasis added), and "'[j] udgment' means an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, *it includes the sentence pronounced by the court*"[,] § 46-1-202(10), MCA (emphasis added).

¶4 Since the District Court did not sentence Diesen, there has been "no final judgment of conviction." Moreover, Diesen is not appealing from a post-judgment order of the District Court. Accordingly, we are without jurisdiction to consider his appeal or to rule on the substantive legal issue which he raises. Section 46-20-104, MCA. *See State v. Hegeman* (1991), 248 Mont. 49, 52, 808 P.2d 509, 511 (holding that the district court lacked jurisdiction over defendant's appeal from justice court because the justice court failed to impose a sentence and enter a final judgment against defendant) ( citing §§ 46-17-311(2) and 46-20-104(1), MCA).

¶5 Jurisdiction involves the fundamental power and authority of the Court to determine and hear an issue. Once we determine that we lack jurisdiction to hear an appeal, then we can take no further action other than to dismiss it. *See Lurie v. Blackwell* (1997), 285 Mont. 404, ___, 948 P.2d 1161, 1164. That must be the result here.

¶6 For future guidance of the trial courts and the practicing bar and in order to prevent the sort of waste of judicial resources that premature appeals of this nature engender, we admonish the trial courts to refrain from entering judgments in criminal cases where the court reserves sentencing for a time following the resolution of an appeal. Moreover, we admonish defense counsel and prosecutors to resist entry by the trial courts of such judgments. Finally, in the event these sorts of premature appeals are filed, we admonish appellate counsel to promptly move to dismiss the appeal.

¶7 Diesen's appeal being premature,

¶8 IT IS HEREBY ORDERED that this appeal should be and the same is hereby

**DISMISSED.**

**¶9 IT IS HEREBY FURTHER ORDERED that the Clerk of this Court give notice of this Opinion and Order by mail to the Hon. John C. McKeon, District Judge, presiding, and to counsel of record.**

**¶10 DATED this 25th day of June,1998.**

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER