Nos. 98-526 and 98-705

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 283

297 Mont.1

989 P.2d 856

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GEORGE R. MOGA,

Defendant and Appellant.

APPEALS FROM: District Court of the Fifth Judicial District, In and for the County of Jefferson, Honorable Frank M. Davis, Judge Presiding (98-526).

District Court of the First Judicial District, In and for the County of Lewis and Clark, Honorable Thomas C. Honzel, Judge Presiding (98-705).

COUNSEL OF RECORD:

For Appellant:

Eric Rasmusson, Attorney at Law, Boulder, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg W. Coughlin, Assistant Attorney General, Helena, Montana

Valerie D. Wilson, County Attorney, Boulder, Montana (98-526)

Mike McGrath, County Attorney; Michael Menahan, Deputy County Attorney, Helena, Montana (98-

705)

Submitted on Briefs: October 28, 1999

Decided: November 23, 1999

Filed:

_____ Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 In this consolidated appeal from the First Judicial District Court, Lewis and Clark County, and the Fifth Judicial District Court, Jefferson County, George Moga appeals his convictions of third and fourth offense DUI (driving under the influence of alcohol). We affirm.

¶2 The issues are:

¶3 1. Whether the District Courts erred in denying Moga's motions to dismiss.

¶4 2. Whether the Fifth Judicial District Court erred in denying Moga's motion to dismiss because of time limitations.

¶5 3. Whether the amended information filed in Jefferson County complies with the law.

¶6 Moga was charged with DUI on March 13, 1997, in Jefferson County. He was also charged, pursuant to §§ 61-6-212 and 61-7-106, MCA, with driving while his license was revoked and failing to report striking two unattended vehicles with his truck as he left a bar parking lot.

¶7 In July 1997, while the Jefferson County charges were still pending, Moga was charged with another DUI offense, this one in Lewis and Clark County. In connection with this DUI, Moga was also charged with driving while his license was revoked, failure to carry proof of insurance, and failure to report an accident by the quickest means.

¶8 Moga filed motions asking both District Courts to dismiss the DUI charges against him on grounds that his past DUI convictions were being improperly used for purposes of enhancing his punishment. Both courts ruled that Moga's June 8, 1990 DUI conviction could not be used for purposes of enhanced punishment. Both courts, however, approved the use of a March 14, 1994 DUI conviction for purposes of enhanced punishment. Moga had also been convicted of DUI on March 4, 1995; he did not challenge the use of that conviction for enhancement purposes.

¶9 Following the courts' rulings on Moga's motions to dismiss, the Jefferson County DUI charge against him was amended to a third offense misdemeanor. Trial was held before a jury, and Moga was convicted of all three counts on April 20, 1998. In Lewis and Clark County, Moga pled guilty in August 1998 to fourth offense DUI, a felony, as well as to the misdemeanor charges of driving while his license was suspended or revoked and driving without liability insurance.

Issue 1

¶10 Did the District Courts err in denying Moga's motions to dismiss?

¶11 A rebuttable presumption of regularity attaches to prior criminal convictions. If that presumption is overcome by direct evidence of irregularity, the burden shifts to the State to prove by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. State v. Okland (1997), 283 Mont. 10, 18, 941 P.2d 431, 436.

¶12 Moga asserts that he adduced facts about his March 14, 1994 DUI conviction which prohibit the conviction from being used as a basis for enhancing his punishment for his current DUIs, under this Court's opinion in Okland. Like the defendant in Okland, Moga filed an affidavit stating that in the previous DUI he could not afford to hire an attorney but that he was not provided an attorney and was convicted without the assistance of counsel and imprisoned because of his conviction. Moga contends that he thereby clearly rebutted the presumption of regularity of his prior DUI conviction and that the State has failed to provide direct evidence that the conviction was not entered in violation of his right to counsel.

¶13 In response to Moga's motion to dismiss, the State produced the affidavit of District Court Judge Jeffrey Sherlock, who presided at Moga's March 1994 DUI conviction. No comparable affidavit was filed in Okland. In his affidavit, Judge Sherlock stated: As a District Court judge conducting initial appearances or arraignments, it is my practice to advise defendants of the charges filed against them, potential punishments and their rights under the constitution in compliance with Section 46-12-210, MCA. Further, it is my practice to ensure that a defendant who is not represented by counsel first waive his/her right to counsel before pleading guilty to the offenses charged. In reviewing the document marked as Defendant's Exhibit B, it appears that the initial appearance (initial arraignment) of George Moga was conducted in accordance with my customary practices, and that George Moga was advised of his right to counsel and waived his right to counsel before he pled guilty to DUI on March 14, 1994.

¶14Although Judge Sherlock did not claim any specific or independent recollection of Moga's appearance before him on March 14, 1994, this Court has held that evidence of a judge's usual practice regarding advice and waiver of rights supports an inference that the defendant was in fact advised of his constitutional right to counsel and waived that right. State v. Olson (1997), 283 Mont. 27, 32, 938 P.2d 1321, 1325. Conflicts in the evidence as to the factual question of whether such advice was properly given in a particular case are, like conflicting evidence on other factual questions, within the province of the trier of fact. Olson, 283 Mont. at 32-33, 938 P.2d at 1325.

¶15 We hold that the District Courts' findings that Moga was properly advised of his rights as to his March 14, 1994 conviction are well-supported by the evidence and are not clearly erroneous. The State has met its burden of proving by direct evidence that the prior conviction was not obtained in violation of the defendant's rights. We therefore hold that the District Courts did not err in denying Moga's motions to dismiss based on the invalidity of that conviction as a basis for enhanced punishment for the present offense.

Issue 2

¶16 Did the Fifth Judicial District Court err in denying Moga's motion to dismiss because of time limitations?

¶17 Section 45-1-205(2)(b), MCA, provides that a prosecution for a misdemeanor must be commenced within one year after the offense is committed. The Jefferson County DUI charge against Moga was based on events of March 13, 1997, but the amended information charging Moga with misdemeanor DUI was not filed until April 14, 1998. Moga argues that the misdemeanor DUI charge against him in Jefferson County should have been dismissed for untimeliness pursuant to § 45-1-205(2)(b), MCA.

¶18 In so arguing, Moga relies upon this Court's opinion in State v. Larson (1989), 240 Mont. 203, 783 P.2d 416. In that case, the criminal offenses at issue occurred in October 1985. No charges were filed, however, until February 1988. At trial, the court reduced a theft charge from felony to misdemeanor after receiving evidence of the value of the items taken. In our opinion upholding the conviction, we stated, "[a]s a general rule, a defendant may not be convicted of a lesser included offense when the statute of limitations has run on that offense but not on the larger offense charged." Larson, 240 Mont. at 205, 783 P.2d at 417, citing the Criminal Law Commission Comments to § 45-1-205, MCA. The Court's decision did not follow from that statement, however. Instead, we ruled that because the defendant had failed to bring this claim in the district court, he was barred from bringing it on appeal. Larson, 240 Mont. at 206, 783 P.2d at 417-18.

¶19 Moreover, there are important factual differences between this case and Larson. In the present case, the first Jefferson County information was filed on April 7, 1997. Subsection (8) of § 45-1-205, MCA, provides that a prosecution is commenced when an indictment is found or an information or complaint is filed. The running of the statute of limitations is tolled when a prosecution is pending against the offender for the same conduct. Section 45-1-206(3), MCA.

¶20 We conclude that the Jefferson County prosecution against Moga was commenced and began to toll the statute of limitations when the original information was filed on April 7, 1997, well within the statute of limitations for misdemeanors. The amendment of the Jefferson County information did not retroactively deprive the District Court of jurisdiction based on the statute of limitations for misdemeanor offenses. We hold that the Fifth Judicial District Court did not err in denying Moga's motion to dismiss because of time limitations.

Issue 3

¶21 Did the amended information filed in Jefferson County comply with the law?

¶22 Section 46-11-205, MCA, provides at subsection (1) that a court may allow an information to be amended, provided that the motion is filed in a timely manner, states the nature of the proposed amendment, and is accompanied by an affidavit stating facts that show the existence of probable cause to support the charge as amended. A copy of the proposed amended information must be included with the motion to amend the information. Moga contends on appeal that neither an affidavit nor a copy of the proposed amended information accompanied the State's motion to amend.

¶23 Although Moga claims to have raised this issue before the District Court, our review of the record reveals that he did not do so. His objections immediately prior to trial, which he identifies as the time he raised this issue, were instead addressed to the timeliness of the misdemeanor DUI charge. We conclude that this issue has been waived by Moga's failure to raise it in the trial court. See State v. Herrera, 1998 MT 173, ¶17, 289 Mont. 499, ¶17, 962 P.2d 1180, ¶17.

¶24 We affirm the judgments of the First and Fifth Judicial District Courts.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER /

S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART