No. 04-146

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 272

JAMES DEAN BINGMAN,

             Petitioner and Appellant,

       v.

STATE OF MONTANA,

             Respondent and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin, Cause No. DV 2003-230
                The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            R. Stan Peeler (argued), Peeler Law Office, Bozeman, Montana

       For Respondent:

            Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein (argued),
            Assistant Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney; Ashley Harrington, Deputy
            County Attorney, Bozeman, Montana

                      Argued and Submitted: January 12, 2005

                             Decided: November 1, 2005

Filed:


       _____
                            Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     On August 28, 2001, James Dean Bingman (Bingman) was convicted of driving under the influence of alcohol (DUI), a felony. Bingman was committed to the Montana Department of Corrections for a period of thirteen months on the DUI conviction. In addition, the District Court then classified Bingman as a persistent felony offender and sentenced him to Montana State Prison for twenty years, with ten years suspended. Bingman appealed his designation as a persistent felony offender. This Court affirmed the judgment, concluding that Bingman had failed to properly raise the issue in the District Court. *State v. Bingman,* 2002 MT 350, 313 Mont. 376, 61 P.3d 153. Bingman also filed a petition for postconviction relief challenging his designation as a persistent felony offender. The District Court denied his petition and Bingman appealed.

¶2     We affirm, and restate the issue before us as follows:

¶3     Did the District Court err in denying Bingman's petition for postconviction relief because it was an untimely challenge to a 1986 sentence?

### FACTUAL AND PROCEDURAL BACKGROUND

¶4     In 1986 Bingman was convicted by a jury of the offenses of felony assault and felony tampering with a witness in two cases that had been consolidated for trial. By judgment entered September 22, 1986, Bingman was sentenced to ten years in prison for felony assault, and pursuant to § 46-18-221(1), MCA (1985), an additional ten years was added to this sentence because he used a weapon in the assault. He was also sentenced to five years in prison for tampering with a witness. The ten year sentence, imposed because a weapon was used, was ordered to be served consecutive to the ten year sentence for felony assault.

2

The five year sentence was ordered served concurrently with the assault sentences. The result of these sentences was that Bingman was sentenced to twenty years at Montana State Prison.

¶5     Bingman did not appeal his 1986 conviction or sentences. Thereafter, he made no challenge to these sentences until the present case. Bingman was released from prison in 1997. Approximately two years later, in 1999, we determined that increasing a sentence imposed for felony assault, under § 46-18-221(1), MCA (1999), which increased a sentence when a weapon was used, violated the double jeopardy clause of the Montana Constitution because use of a weapon is a required element of felony assault. *State v. Guillaume*, 1999 MT 29, ¶ 16, 293 Mont. 224, ¶ 16, 975 P.2d 312, ¶ 16.

¶6     Bingman was then convicted of DUI, a felony, on August 28, 2001. Because he had not been released from prison for his felony assault sentence until 1997, less than five years before the DUI conviction, he was eligible to be designated a persistent felony offender. Section 46-18-501(2), MCA. The proper notice was given by the State, and the District Court then sentenced Bingman as a persistent felony offender, increasing his DUI sentence by twenty years with ten years suspended.

¶7     Bingman appealed his enhanced sentence. This Court affirmed, concluding that Bingman had failed to properly raise the issue in the District Court. *State v. Bingman,* 2002 MT 350, 313 Mont. 376, 61 P.3d 153. Bingman then filed the present petition for postconviction relief challenging his designation as a persistent felony offender. The District Court denied his petition as untimely. Bingman now appeals from the denial of his petition for postconviction relief.

**STANDARD OF REVIEW**

¶8     This Court reviews a district court's denial of a postconviction petition to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State,* 2004 MT 112, ¶ 13, 321 Mont. 118, ¶ 13, 88 P.3d 1285, ¶ 13.

**DISCUSSION**

¶9     Did the District Court err in denying Bingman's petition for postconviction relief because it was an untimely challenge to a 1986 sentence?

¶10     Bingman argues that his present sentence as a persistent felony offender is illegal because the additional ten years added to his 1986 sentence for use of a weapon was unconstitutional, under *Guillaume*, and had this additional ten years not been imposed, he would have been released on parole more than five years before his 2000 DUI offense. Therefore, Bingman argues, he cannot be sentenced as a persistent felony offender.

¶11     Bingman's argument rests solely on speculation. Even if we were to assume *arguendo*, that the additional ten year sentence imposed in 1986, for use of a weapon, was unconstitutional for purposes of applying the persistent felony offender statute, the fact remains that Bingman was also sentenced to ten years for the felony assault. There is no way to now know whether Bingman would have been released in less than ten years. Thus, this sentence might not have been discharged until 1996, still within five years of his DUI offense. In addition, had the sentence enhancement for use of a weapon not been available, the District Court might well have made the five year sentence for witness tampering consecutive. Thus, even if the Court were to now, nineteen years later, accept Bingman's argument that the ten year enhancement of his 1986 assault sentence cannot be used to

4

designate him a persistent felony offender, he cannot establish that he would have been released more than five years before his DUI offense in 2000.

¶12     Bingman urges this Court to adopt the reasoning in *United States v. Burt* (9th Cir. 1986) 802 F.2d 330, where the court determined that a prior conviction obtained in violation of the defendant's Fifth Amendment right to avoid self-incrimination could not be used to later sentence the defendant as a dangerous special offender (DSO) under the former federal DSO statute codified at 18 U.S.C. §§ 3575-3576.[1] *Burt,* 802 F.2d at 335.  However, *Burt* concerned a constitutionally infirm conviction.  Contrary to the statement in the dissent, there is a significant distinction between an infirm conviction, and a sentence that is later determined to be unlawful.  An infirm conviction invalidates the entire sentence. Conversely, where the sentence itself, or some portion of it, is later determined to be unconstitutional, the conviction, and any valid portions of the sentence relating to it, are left in place.  This is the case here.  And, as noted above, Bingman cannot establish that he would not meet the persistent felony offender criteria if the unlawful portion of the sentence were eliminated.[2]

¶13     Further, the DSO statute applied in *Burt* limited the types of convictions that could

---

[1]  Congress repealed this statute in 1984, effective November 1, 1986. Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, 98 Stat. 1987.

[2]  In *Burt,* it was determined that the constitutional violation had affected the finding of guilt, not the sentencing.  Specifically, the trial judge instructed the jury that inferences unfavorable to the defendant are more probable if the defendant fails to testify. This instruction was proper at the time given, but was later found to be unconstitutional. *Burt,* 802 F.2d at 331.  Thus, *Burt* can be distinguished from this case, as Burt's conviction was unlawful, and as a result, his entire sentence was invalid.

be relied upon to increase sentencing. 18 U.S.C. § 3575(e); *Burt,* 802 F.2d at 332. Conversely, the Montana Statute does not distinguish between felonies that may be relied on to designate a person a persistent felony offender. Rather, it provides that a previous conviction may be used to enhance a sentence unless the offender has been pardoned on the ground of innocence or the conviction has been set aside in a postconviction hearing. Section 46-18-501(3), MCA. Bingman does not claim that he has been pardoned or that he is innocent. Thus, in order to prohibit the use of his 1986 conviction for assault to designate him as a persistent felony offender, Bingman would have to establish that it has been set aside in a postconviction hearing. This, he cannot do.

¶14    Neither *Burt* nor *Guillaume* support Bingman's argument that illegally enhanced sentences may not be used for purposes of sentencing a defendant as a persistent felony offender, in the absence of a timely challenge to the allegedly invalid sentence enhancement. To the contrary, in *State v. Whitehorn,* 2002 MT 54, 309 Mont. 63, 50 P.3d 121, we expressly found that, while *Guillaume* may be applied retroactively to a sentence subject to a challenge in a postconviction relief proceeding, the petition for post-conviction relief must be timely filed. *Whitehorn,* ¶ 43.

¶15    Bingman's collateral attack of his 1986 sentence is untimely under the applicable five-year limitation in § 46-21-102, MCA (1995). It was filed in 2003, long after the conviction and sentence became final and the time for challenging it in a postconviction relief proceeding had expired.

## CONCLUSION

¶16    The order of the District Court dismissing Bingman's petition for postconviction relief

6

is affirmed.

/S/ JOHN WARNER

We Concur:


/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶17 I dissent. Bingman appeals from the denial of his petition for postconviction relief, contending the district court erred in upholding his persistent felony offender designation. However, this Court recharacterizes his challenge in a fashion that is outcome-determinative, framing it as a collateral attack on a 1986 conviction, and thus ensuring its demise on timeliness grounds. I submit the Court errs in doing so.

¶18 The Court concedes, as it must, that, under *Guillaume*, enhancement of a felony assault sentence for use of a weapon violates the double jeopardy clause. 293 Mont. 224, 975 P.2d 312. However, the Court reasons that because the conviction in which the enhancement occurred took place in 1986, the time available for challenging that sentence has long since expired. The Court misses the point. Bingman is not challenging the 1986 conviction and sentence--he is challenging his current persistent felony offender designation and the propriety of predicating it upon a constitutionally infirm sentence.

¶19 Bingman's appeal, stemming as it does from the District Court's enhancement of his sentence on the basis of past convictions, is analogous to the appeal we considered in *State v. Snell*, 2004 MT 334, 324 Mont. 173, 103 P.3d 503. In *Snell*, we considered whether the district court erred in denying Snell's motion to dismiss his felony DUI conviction. Snell had argued that the district court erred in sentencing him for felony DUI because, he claimed, two of the previous convictions the court used to enhance his punishment were constitutionally infirm. Those two convictions had occurred in 1988 and 1990, years before the instant appeal was filed. In *Snell*, as in *State v. Moga*, 1999 MT 283, 297 Mont. 1, 989

8

P.2d 856, and multiple cases preceding it, we did not deem the age of the allegedly infirm convictions determinative; rather, we examined the merits of the defendant's arguments, and looked at the validity of those "old" convictions to determine if they were in fact infirm. See, e.g., *Lewis v. State (*1969)*, 153 Mont. 460, 457 P.2d 765, and *State v. Okland* (1997), 283 Mont. 10, 941 P.2d 431. We should conduct a similar review here.

¶20     *Snell* is authoritative for substantive reasons as well. There, we said at ¶ 25:

> It is also well settled that the State may not use a constitutionally infirm conviction to support an enhanced punishment, such as felony DUI. When a defendant attacks a prior criminal conviction that can be used to enhance punishment, a presumption of regularity attaches to such conviction. The defendant may overcome the presumption with direct evidence of irregularity. Once a defendant produces such direct evidence, the burden then shifts to the State to prove by a preponderance of the evidence that it did not obtain the prior conviction in violation of the defendant's rights. (Internal citations omitted.)

¶21     While *Snell* addresses constitutionally infirm convictions as opposed to sentences, the two are in fact interchangeable under the criminal code. Section 46-1-201(7), MCA, defines "conviction" as "a *judgment or sentence* entered upon a guilty plea . . . or upon a verdict or finding of guilty . . . ." (Emphasis added.) In *State v. Diesen*, 1998 MT 163, ¶ 3, 290 Mont. 55, ¶ 3, 964 P.2d 712, ¶ 3, we declined to consider an appeal because no sentence had yet been entered. We said:

> "An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104(1), MCA. "'Conviction' means a *judgment or sentence* entered upon a guilty plea . . ."[,] [sic] § 46-1-202(6), MCA, and "'[j]udgment' means an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, *it includes the sentence pronounced by the court*"[,] [sic] § 46-1-202(10), MCA.

9

We concluded in *Diesen* that because the district court had not sentenced Diesen following his adjudication of guilt, we were without jurisdiction to consider his appeal, as there had been "no final judgment of conviction." *Diesen*, ¶ 4. Thus, because the term "conviction" clearly encompasses the sentence imposed, *Snell* and its many precedents govern here.

¶22 Applying *Snell* to the matter before us, we look first to whether the enhanced sentence imposed upon Snell in 1986 carries with it today a presumption of regularity. Clearly, that sentence is *not* presumptively regular, in light of *Guillaume*. Thus, the burden shifts to the State to prove by a preponderance of the evidence that the sentence was not imposed in violation of the defendant's rights. This the State cannot do. And because the State cannot carry its burden, the constitutionally infirm sentence may not, under *Snell*, be used to support an enhanced punishment.

¶23 The result I urge here would not unhinge the system, as it would apply narrowly. I would simply hold that, when a prior sentence, like a prior conviction, is constitutionally infirm, it may not be later used to support an enhanced punishment. I dissent from our refusal to so hold.

/S/ PATRICIA O. COTTER


Justice James C. Nelson joins in the dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON

10