JUSTICE COTTER
dissents.
¶17 I dissent. Bingman appeals from the denial of his petition for postconviction relief, contending the district court erred in upholding his persistent felony offender designation. However, this Court recharacterizes his challenge in a fashion that is outcome-determinative, framing it as a collateral attack on a 1986 conviction, and thus ensuring its demise on timeliness grounds. I submit the Court errs in doing so.
¶18 The Court concedes, as it must, that, under Guillaume, enhancement of a felony assault sentence for use of a weapon violates the double jeopardy clause. 293 Mont. 224, 975 P.2d 312. However, the Court reasons that because the conviction in which the enhancement occurred took place in 1986, the time available for challenging that sentence has long since expired. The Court misses the point. Bingman is not challenging the 1986 conviction and sentence-he is challenging his current persistent felony offender designation and the propriety of predicating it upon a constitutionally infirm sentence.
¶19 Bingman’s appeal, stemming as it does from the District Court’s enhancement of his sentence on the basis of past convictions, is *158 analogous to the appeal we considered in State v. Snell, 2004 MT 334, 324 Mont. 173, 103 P.3d 503. In Snell, we considered whether the district court erred in denying Snell’s motion to dismiss his felony DUI conviction. Snell had argued that the district court erred in sentencing him for felony DUI because, he claimed, two of the previous convictions the court used to enhance his punishment were constitutionally infirm. Those two convictions had occurred in 1988 and 1990, years before the instant appeal was filed. In Snell, as in State v. Moga, 1999 MT 283, 297 Mont. 1, 989 P.2d 856, and multiple cases preceding it, we did not deem the age of the allegedly infirm convictions determinative; rather, we examined the merits of the defendant’s arguments, and looked at the validity of those “old” convictions to determine if they were in fact infirm. See, e.g., Lewis v. State (1969), 153 Mont. 460, 457 P.2d 765, and State v. Okland (1997), 283 Mont. 10, 941 P.2d 431. We should conduct a similar review here.
¶20 Snell is authoritative for substantive reasons as well. There, we said at ¶ 25:
It is also well settled that the State may not use a constitutionally infirm conviction to support an enhanced punishment, such as felony DUI. When a defendant attacks a prior criminal conviction that can be used to enhance punishment, a presumption of regularity attaches to such conviction. The defendant may overcome the presumption with direct evidence of irregularity. Once a defendant produces such direct evidence, the burden then shifts to the State to prove by a preponderance of the evidence that it did not obtain the prior conviction in violation of the defendant’s rights. (Internal citations omitted.)
¶21 While Snell addresses constitutionally infirm convictions as opposed to sentences, the two are in fact interchangeable under the criminal code. Section 46-1-201(7), MCA, defines “conviction” as “a judgment or sentence entered upon a guilty plea... or upon a verdict or finding of guilty ....” (Emphasis added.) In State v. Diesen, 1998 MT 163, ¶ 3, 290 Mont. 55, ¶ 3, 964 P.2d 712, ¶ 3, we declined to consider an appeal because no sentence had yet been entered. We said:
“An appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant.” Section 46-20-104(1), MCA. “ ‘Conviction’ means a judgment or sentence entered upon a guilty plea ...”[,] [sic] § 46-1-202(6), MCA, and “ ‘judgment’ means an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court”[,] [sic] § 46-1-202(10), MCA.
*159 We concluded in Diesen that because the district court had not sentenced Diesen following his adjudication of guilt, we were without jurisdiction to consider his appeal, as there had been “no final judgment of conviction.” Diesen, ¶ 4. Thus, because the term “conviction” clearly encompasses the sentence imposed, Snell and its many precedents govern here.
¶22 Applying Snell to the matter before us, we look first to whether the enhanced sentence imposed upon Snell in 1986 carries with it today a presumption of regularity. Clearly, that sentence is not presumptively regular, in light of Guillaume. Thus, the burden shifts to the State to prove by a preponderance of the evidence that the sentence was not imposed in violation of the defendant’s rights. This the State cannot do. And because the State cannot carry its burden, the constitutionally infirm sentence may not, under Snell, be used to support an enhanced punishment.
¶23 The result I urge here would not unhinge the system, as it would apply narrowly. I would simply hold that, when a prior sentence, like a prior conviction, is constitutionally infirm, it may not be later used to support an enhanced punishment. I dissent from our refusal to so hold.
JUSTICE NELSON joins in the dissent of JUSTICE COTTER.