FILED

11/01/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0537

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0537

STATE OF MONTANA,

Plaintiff and Appellee,

 ORIGINAL

v.

ANTHONY CRAIG WEIMER,

Defendant and Appellant.

O R D E R

FILED

NOV 0 1 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

The State of Montana moves this Court for dismissal of this appeal because it is premature. Representing himself, Anthony Craig Weimer responds in opposition. Weimer has since moved this Court for an "Extension of Time to File Transcripts and Stay the Briefing Schedule Pending the State's Motion to Dismiss[.]" He notes that the State opposes the motion.

The State requests dismissal of this appeal without prejudice. The State explains that while Weimer was convicted on August 24, 2022, by a jury in the Flathead County District Court, he has not been sentenced. The State provides that after his conviction, the court ordered a presentence investigation report and set his sentencing hearing for October 17, 2022. The State puts forth that Weimer's appeal is premature because the court did not pronounce his sentence. *See* § 46-1-202(11), MCA; *State v. Diesen*, 1998 MT 163, ¶¶ 3-4, 290 Mont. 55, 964 P.2d 712. The State points out Weimer instead filed his Notice of Appeal on September 19, 2022, prior to any sentencing, and the court has since vacated its sentencing hearing because of his appeal. The State concludes that he cannot waive subject matter jurisdiction and that without a final judgment of conviction, Weimer's appeal must be dismissed. M. R. App. P. 4(5)(b)(i).

Weimer contends that "the district court cannot achieve correctional and sentencing policy." He requests that this Court deny the State's motion to dismiss and reverse his conviction. Weimer bases his requests on the supposition that the State did not object to his Notice of Appeal.

Weimer misunderstands Montana law. This Court's rules and a Montana statute define an appeal in a criminal case. M. R. App. P. 4(5)(b)(i); § 46-20-104(1), MCA. "An appeal from a judgment entered pursuant to section 46-18-116 must be taken within 60 days after entry of the judgment from which appeal is taken." M. R. App. P. 4(5)(b)(i). As the State correctly points out, this Court has no written judgment. This Court requires, for appellate review, the entire record, including the final judgment and sentencing transcript.

We conclude that Weimer's appeal is not properly before this Court because it is premature. The court has not pronounced the sentence. Weimer's instant motion is, therefore, improper. Because Weimer sought an appeal prematurely, the District Court has not held a sentencing hearing to provide a transcript, as noted in his attached affidavit from the Court Reporter, and the record would be incomplete. His request for an extension of time as well as a stay have no basis in law. Weimer must wait for his sentencing hearing to occur and for the court's issuance of a final, written judgment. He then has 60 days within which to file an appeal with this Court. M. R. App. P. 4(5)(b)(i). Therefore,

IT IS ORDERED that the State's Motion to Dismiss Appeal is GRANTED and that this appeal is DISMISSED without prejudice.

The Clerk of the Supreme Court is directed to CLOSE this case as of this Order's date. The Clerk is further directed NOT to FILE any pleading by self-represented Anthony Weimer for this underlying criminal case until he provides a written, sentencing judgment with a Notice of Appeal in accordance with the Montana Rules of Appellate Procedure.

The Clerk is also directed to provide this Order to counsel of record and to Anthony Craig Weimer personally.

DATED this 1st day of November, 2022.

_____
Chief Justice

_____

2

_____

_____

_____
Justices